UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EA MANAGEMENT, and
WILLIAM ELIAS,

    Plaintiffs/Counter-Defendants,

v.                                                                               Case No. 07-11629

JP MORGAN CHASE BANK,                                         HONORABLE AVERN COHN

    Defendant/Third-Party Plaintiff/
    Counter-Plaintiff.

and

DIRECT LENDING, INC.,
GUSTE SHUKEIREH, and
TINA RIAD SHUKEIREH,

    Third-Party Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**[1]

I.  Introduction

This is a banking dispute regarding three cashier's checks.  Plaintiffs EA Management and William Elias (collectively Elias[2]) sued defendant JP Morgan Chase Bank, N.A. (JP Morgan) claiming that JP Morgan wrongfully withheld payment or

---

[1] Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] EA Management is an assumed name of Elias.

dishonored three cashier's checks written out of an account owned by Elias.  Elias made three claims against JP Morgan, as follows:

Count I - Breach of M.C.L. § 440-4402 (wrongful dishonor)

Count II - Breach of Contract

Count III - Negligence

JP Morgan filed a counterclaim against Elias claiming numerous violations with respect to the account at issue and a third-party complaint against Direct Lending, Inc. (Direct Lending), seeking indemnification.  JP Morgan filed a motion to dismiss or for summary judgment on all of Elias' claims.[3]  The Court granted the motion.  See Memorandum and Order Granting JP Morgan's Motion to Dismiss or for Summary Judgment and Dismissing Case, filed October 6, 2008.

Before the Court is Elias' motion for reconsideration.  For the reasons that follow, the motion is DENIED.

## II.  Legal Standards

Elias moves for reconsideration, citing Fed. R. Civ. P. 60(b)(6).  Motions under Rule 60(b)(6) do not have a time limit, but a movant is required to demonstrate extraordinary circumstances which would justify reopening a final judgment.  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  Relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity mandate relief.  GenCorp.,

---

[3] JP Morgan also filed a motion for summary judgment against Direct Lending, essentially seeking a ruling on indemnification in the event JP Morgan is found liable to Elias.  The parties agreed to hold briefing in abeyance pending resolution of the instant motion.  In light of the Court's decision on JP Morgan's motion against Elias, the Court dismissed the motion as moot.

2

Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007).

As JP Morgan points out, Elias is really seeking reconsideration of the Court's order dismissing the case.  The motion is therefore more properly governed by E.D. Mich. LR 7.1 (g) which provides:

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).

### III.  Analysis

As an initial matter, to the extent Elias' motion is a motion for reconsideration under LR 7.1(g), it is untimely because it was not filed within ten days of the Court's decision.  See E.D. Mich. LR 7.1(g)(1).

Additionally, the motion fails on the merits.  Elias asserts the Court's decision is "premised upon the Court's erroneous conclusion that [Elias] perpetrated fraud" and cited two alleged errors.  First, Elias says that the Court erred by concluding that Check No. 2275 was issued as a replacement for Check No. 2253.  Second, Elias says the Court erred in concluding that Elias procured Check No. 2253 by fraud.  Putting aside JP Morgan's evidence that Check No. 2275 was a replacement check, Elias conceded

that this issue was not relevant to JP Morgan's motion for summary judgment.  See Plaintiffs' Counter-Statement of Material Facts Not in Dispute at ¶ 6.  More importantly, as JP Morgan fully explains in its response to Elias' motion, none of the Court's rulings on summary judgment were dependent upon a finding that (1) Check No. 2275 was a replacement check for Check No. 2253, (2) that Elias procured Check No. 2253 by fraud, or (3) that Elias otherwise engaged in fraud.  Thus, to the extent that statements in the Court's order so indicated, these statements were not germane to its decision and did not form the basis for granting JP Morgan's motion.

Overall, Elias has not demonstrated a palpable error the correction of which requires a different result or extraordinary circumstances justifying relief under Rule 60(b).

SO ORDERED.


Dated:  January 6, 2009         s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 6, 2009, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160

4