UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EA MANAGEMENT, and
WILLIAM ELIAS,

       Plaintiffs/Counter-Defendants,

vs.

JPMORGAN CHASE BANK, N.A.,

       Defendant/Counter-Plaintiff/
       Third-Party Plaintiff

vs.

DIRECT LENDING, INC.,
GUSTE SHUKEIREH, and
TINA RIAD SHUKEIREH,

       Third-Party Defendants.
_____/

Case No. 2:07-cv-11629

Hon. Avern Cohn

**ORDER GRANTING CERTIFICATION
PURSUANT TO RULE 54(b) AND STAYING PENDING CLAIMS**

      This matter having come before the Court pursuant to the parties' Joint Motion for Certification Pursuant to Rule 54(b) and for Stay of Pending Claims (the "Motion"); the Court having reviewed the Motion and accompanying Brief in Support; and the Court being otherwise fully advised in the premises.

      NOW, THEREFORE, IT IS ORDERED that the Motion is GRANTED.

      IT IS FURTHER ORDERED that the Court's October 6, 2008 Memorandum and Order Granting JP Morgan's Motion to Dismiss or for Summary Judgment and Dismissing Case

("Order") is hereby certified as a final judgment under Fed. R. Civ. P. 54(b) because the Court finds that all relevant factors to be examined under Rule 54(b) favor certifying the Order as a final judgment. Specifically, the Court finds as follows:

1. The Order constitutes a "final judgment" for purposes of Rule 54(b) because it dismissed Plaintiffs' Complaint in its entirety and with prejudice. Thus, Plaintiffs no longer have any pending claims in this litigation. The Order is therefore a "judgment" in that it is a "decision upon cognizable claims of relief." *Little Caesar Enterprises, Inc. v. Smith*, 916 F.Supp. 662, 664 (E.D.Mich. 1996). Moreover, the Order is a "final" judgment because it is an "ultimate disposition" of Plaintiffs' claims "in the course of a multiple claims action." *Id*. Thus, the first precondition for certification under Rule 54(b) has been met. *Id*.

2. Moreover, the Court finds that there is no just reason for delay of appellate review of the Order because all of the factors enunciated in *Lowrey v. Fed. Express Corp.*, 426 F.3d 817, 822-23 (6th Cir. 2005) have been met.

3. First, the relationship between the adjudicated and unadjudicated claims in this case supports certification. The parties have agreed to stipulate to the dismissal of the unadjudicated claims with prejudice if the United States Court of Appeals for the Sixth Circuit affirms the Order in its entirety. Thus, a ruling by the Sixth Circuit on any appeal of the Order taken by Plaintiffs could serve to fully and finally resolve this entire case. In addition, staying the unadjudicated claims in the event the Sixth Circuit reverses any portion of the Order would prevent the possibility that currently exists of multiple trials in this case (*i.e.*, an immediate trial on the unadjudicated claims, followed by a potential subsequent trial on the claims dismissed by the Order if the Sixth Circuit reverses any portion of the Order).

4.      Second, the resolution of the unadjudicated claims will not have any effect on appellate review of the Order, because the outcome of the unadjudicated claims will not have any impact on the claims dismissed by the Order. Simply put, Plaintiffs will be entitled to attempt to seek appellate review of the Order regardless of whether the unadjudicated claims are stayed or immediately litigated. Thus, appellate review of the Order will not be mooted (or otherwise affected) by subsequent events in this case.

5.      Third, there is no danger that the Sixth Circuit might be called upon to review the Order on multiple occasions because Plaintiffs are entitled to seek appellate review of the Order on only one occasion.

6.      Fourth, because the Order dismissed Plaintiffs' claims in their entirety and with prejudice, the immediate litigation of the unadjudicated claims would not result in a set-off, but rather independent affirmative judgments. In other words, because Plaintiffs' claims have been dismissed in their entirety, Plaintiffs cannot obtain a judgment from which a set off would be taken.

7.      Fifth, certifying the Order as a final judgment will serve the interests of judicial economy because, as set forth above, it may speed the ultimate end of all litigation between these parties (if the Sixth Circuit affirms the Order in its entirety) and it will eliminate the possibility that currently exists for multiple trials in this case.

In sum, the Court finds that certification of the Order as a final judgment under Rule 54(b) is appropriate because the Order constitutes a final judgment of Plaintiffs' claims and there is no just reason for delaying appellate review of the Order.

IT IS FURTHER ORDERED that the following pleadings and claims are hereby stayed until further order of the Court:  JPMorgan Chase Bank, N.A.'s ("JPMC") Counterclaim against Plaintiffs (Dkt. # 6), JPMC's Amended Third-Party Complaint against Third-Party Defendants (Dkt. # 25) and Direct Lending, Inc.'s Counterclaim against JPMC (Docket # 14).

IT IS FURTHER ORDERED that if the Sixth Circuit affirms the Order in its entirety, the parties to this case will promptly submit a Stipulated Order of Dismissal which will dismiss all claims in this case with prejudice and without costs, and the case will be concluded in its entirety.

IT IS SO ORDERED.


Dated: October 15, 2009              s/Avern Cohn
                                     HON. AVERN COHN